IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN RIDEOUT,

    Petitioner,

v.                                                                Civil Action No. **3:16CV190**

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Marvin Rideout, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his conviction in the Circuit Court of New Kent County of twenty counts of possession of child pornography. On January 17, 2017, the Magistrate Judge recommended that Respondent's Motion to Dismiss be granted and the action be dismissed. (ECF No. 18.) The Court advised Rideout that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. On February 6, 2017, beyond the fourteen-day-period within which to file objections, Rideout requested an extension of time to file objections. (ECF No. 19.) The Court granted him an extension until February 17, 2017. On February 7, 2017, the Court received a Motion for Leave (ECF No. 21), a Motion to Amend (ECF No. 22), and an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 Petition (Amended § 2254 Petition, ECF No. 22–1). While the Motion for Leave and Motion to Amend will be GRANTED, the Court finds that the Amended § 2254 Petition suffers from the same deficiencies identified by the Magistrate Judge in the Report and Recommendation. Accordingly, for the reasons that follow, the Report and Recommendation will be ACCEPTED and ADOPTED, and the action will be DISMISSED.

## I. THE REPORT AND RECOMMENDATION

In his Report and Recommendation, the Magistrate Judge made the following findings and recommendations:

Rideout argues entitlement to relief on the following grounds:

Claim One: "Petitioner was denied effective assistance of counsel[1] during the suppression hearing and on direct appeal, when counsel failed to properly raise a procedural due process challenge to obtainment of evidence." (§ 2254 Pet. 6.)[2]

Claim Two: "The Supreme Court of Virginia denied Petitioner his statutory right to appeal." (*Id.* at 9.)

Claim Three: "Petitioner was denied effective assistance of counsel when counsel failed to challenge the chain of custody of the obtainment of the computer." (*Id.* at 10.)

Respondent has moved to dismiss the action. (ECF No. 5). Rideout has responded.[3] For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Claim Two provides no basis for federal habeas relief and because Claims One and Three fail to demonstrate any ineffective assistance of counsel.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to citations to Rideout's submissions. The Court corrects the capitalization in the quotations from Rideout's submissions.

[3] Rideout has filed a Motion for Leave to Amend his "Traverse." ("Motion to Amend," ECF No. 14–1.) Rideout failed to submit the proposed amended Traverse and, instead, attempts to tack on rambling and lengthy argument and edit his Traverse piecemeal. To the extent Rideout attempts to expand his claims in his Motion to Amend, it is RECOMMENDED that such request be DENIED. "[I]t is axiomatic that [a petition] may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a [petition] at will, even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (internal citations omitted). Therefore, the Court will not consider any attempt by Rideout to raise a new claim lurking therein. To the extent he wishes to raise a new claim, he must file the appropriate Motion to Amend his § 2254 Petition, an accompanying brief in support, and an amended § 2254 Petition.

2

### A. Factual and Procedural History

Pursuant to a conditional guilty plea, Rideout pled guilty to twenty counts of possession of child pornography. (ECF No. 7–1, at 1.) In exchange for his guilty pleas, the Commonwealth agreed to *nolle prosequi* an additional twenty counts of possession of child pornography, one count of distribution of child pornography, and two counts of distribution of child pornography second or subsequent violation. (*Id.*) The Circuit Court sentenced Rideout to 100 years in prison with 93 years suspended. (*Id.* at 4–5.)

Rideout appealed his convictions. The Court of Appeals of Virginia aptly explained the evidence of Rideout's guilt as follows:

> In this case, Sergeant Stephen Anders of the Bedford County Sheriff's Office (assigned to the Southern Virginia Internet Crimes Against Children Task Force) conducted an authorized, remote undercover investigation into the online sexual exploitation of children on the internet. On August 29, 2011, a certain internet protocol (IP) address of 174.66.3.142 caught his attention. Sergeant Anders suspected that this IP address was involved in the collection and sharing of childpornography. On September 1, 2011, through a program called "Shareaza LE,"[4] Sergeant Anders was able to connect to, and begin downloading, a known file of child pornography from IP address of 174.66.3.142. On September 2, 2011, and on September 4, 2011, Sergeant Anders again was able to connect to the IP address of 174.66.3.142 and begin to download child pornography files.
>
> Sergeant Anders also obtained and submitted an administrative subpoena to Cox Communications, the owner of the IP address at issue. In response to that administrative subpoena, Cox Communications informed Sergeant Anders that the IP address had been issued to Marvin Rideout of New Kent, Virginia.
>
> On December 15, 2011, after verifying that "Marvin Rideout" was, in fact, the suspect detected by Special Agent Anders, Detective J. McLaughlin, III, of the New Kent County Sheriff's Office, obtained a search warrant for appellant's residence.[5] Detective McLaughlin executed the search warrant at

---

[4] Shareaza is a peer-to-peer sharing program that allows users to trade electronic files, including music, photographic, and video files. Shareaza LE is the law enforcement version of Shareaza which, according to Sergeant Anders, differs from the regular Shareaza in that it does not permit law enforcement to share files with other users.

[5] Sergeant Anders prepared an affidavit in support of the application for a search warrant in which he provided the issuing magistrate with an extensive description of peer-to-peer (P2P) software and how computer files are shared and accessed using

3

appellant's residence on the following morning. When Detective McLaughlin explained to appellant why he was there, appellant put his head down and said, "I have been waiting for y'all to come." Sergeant Anders then analyzed various electronic items seized from appellant's home, finding many images and movies depicting child pornography.

Appellant filed a pre-trial motion to suppress the three files of child pornography giving rise to the search warrant (ie., the files that Sergeant Anders was able to access on September 1, 2, and 4 of 2011), as well as all of the files found as a result of execution of the search warrant. At the suppression hearing, appellant testified that he had downloaded a software program called "Shareaza" somewhere between two and three years prior to the suppression hearing. Shareaza is, according to appellant's expert Eric Myer, designed to facilitate the sharing of files – "it wants to share." As Sergeant Anders also explained, with respect to peer-to-peer sharing programs like Shareaza, "the whole purpose is for everybody to share." Appellant had previously use a peer-to-peer sharing program called Limewire for several years prior to downloading Shareaza, so he had several years of experience with peer-to-peer software. Appellant explained that, when he initially downloaded the Shareaza software, he had applied settings that he thought would prevent others from being able to access files on his computer. According to the theory advanced by appellant at the suppression hearing, despite selecting settings on Shareaza to prevent sharing, however, when appellant changed the location of the downloads from the default destination, he inadvertently activated the sharing of that folder without receiving any notification that he was actually sharing files.[6] Thus, appellant claimed at the suppression hearing that he had been using the

---

that software. Sergeant Anders explained, "When the P2P software is installed on a computer, the user is directed to specify a 'shared' folder. All files placed in that user's 'shared' folder are available to anyone on the world-wide network for download." Sergeant Anders also indicated that the law enforcement version of Shareaza "uses only publicly available P2P options which follow the programming language (protocols) set forth in the public P2P protocol standards." Accordingly, Sergeant Anders stated in the affidavit, "No functionality outside of the publicly available protocols is added, thus eliminating any potential private intrusion on the suspect IP's computer or files."

[6] Sergeant Anders testified that it was also possible to add folders into the library through a "sharing manager" window. That window indicates clearly that any folders added to it will be shared.

4

Shareaza software under the mistaken impression that he had set up Shareaza in a way that would prevent other users from gaining access to any files on his computer.

. . . Appellant argues that he nonetheless had a reasonable expectation of privacy relating to the contents of his personal computer, including the files depicting child pornography, because he contended that he had applied settings to Shareaza that he thought would prevent others from accessing those files on his computer. In overruling appellant's motion to suppress, the trial court stated as follows:

> The Court makes the following findings: . . . The Court finds that the defendant had no reasonable expectation of privacy when he installed a software program on his computer which has the primary purpose to share information around other computer users. Number two, that the police did not act in an improper manner to obtain information from the defendant's computer. And therefore the motion to suppress is denied.

(ECF No. 7-2, at 2–4.) The Court of Appeals of Virginia determined that the "trial court did not err when it denied [Rideout's] motion to [suppress]." (*Id.* at 1.) The Court of Appeals of Virginia explained:

> "Since *Katz v. United States*, 389 U.S. 347 (1967), the touchstone of [Fourth] Amendment analysis has been the question whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *Oliver v. United States*, 466 U.S. 170, 177 (1984) (quoting *Katz*, 389 U.S. at 360 (Harlan, J., concurring)). Thus,
>> in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has a "source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."
>
> *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143–44 n.12 (1978)); *see also Smith v. Maryland*, 442 U.S. 735, 740–41 (1979) . . . . Appellant contends that, given his claim that he disabled the sharing features of Shareaza, he then retained a reasonable expectation of privacy in the contents of his computer and in the files located on his computer that could otherwise be shared via Shareaza.
>
> . . . .
>
> Even though appellant testified that he was under the impression that he had disabled the sharing feature on Shareaza, the record establishes that appellant actually said to Detective McLaughlin, "I have been waiting for y'all to come." Viewing the

5

evidence in the light most favorable to the Commonwealth, as we must since it prevailed below, this statement in itself strongly suggests that appellant knew or at least suspected that files from his computer were able to be shared. Indeed, a rational trier of fact assessing the testimony at the suppression hearing could infer from this statement that appellant was aware that he was not the only individual with access to those files due to his installation of the Shareaza program. Certainly, the trial court was not obligated to believe appellant's self-serving testimony that he believed that he had safeguarded his files containing child pornography from being shared on Shareaza – which, of course, is peer-to-peer software actually *designed for the sharing* of files over the internet. *See Marable v. Commonwealth*, 27 Va. App. 505, 509–10, 500 S.E.2d 233, 235 (1998).

    Here, the trial court expressly found that appellant lacked a reasonable expectation of privacy "when he installed a software program on his computer which has the primary purpose to share information among other computer users." We, like the trial court, find several federal appellate court decisions to be applicable and instructive on this point. "'Although as a general matter an individual has an objectively reasonable expectation of privacy in his personal computer, we fail to see how this expectation can survive [appellant's] decision to install and use file-sharing software, thereby opening his computer to anyone else with the same freely available program.'" *United States v. Stults*, 575 F.3d 834, 843 (8th Cir. 2009) (quoting *United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2008)). Thus, by simply installing file-sharing software onto his computer, appellant has "'failed to demonstrate an expectation of privacy that society is prepared to accept as reasonable.'" *Id.* Appellant's installation of Shareaza presents a situation that is analogous to a person who hands over the keys to his house to a number of friends. That person should not be surprised when some of those friends simply come inside his house without knocking on the door. *Id.*

    Appellant contends, however, that his claimed attempt to apply settings to Shareaza to prevent others from accessing his files depicting child pornography creates an objectively reasonable expectation of privacy in those computer files. However, the decision in *United States v. Borowy*, 595 F.3d 1045, 1047 (9th Cir. 2010), is highly persuasive on the facts here. In *Borowy*, the defendant claimed that he had attempted to engage the feature in his version of peer-to-peer file-sharing software that would prevent others from downloading and viewing his files. However, that feature was not actually engaged, and an FBI agent was able to access incriminating files from the defendant's computer. *Id.* Concluding that the defendant's "subjective intention not to share his files did not create an objectively reasonable expectation of

6

> privacy in the face of such widespread public access," *id.* at 1048, the appellate court affirmed the lower court's decision to deny the defendant's motion to suppress. *Id.* at 1049.
>
> Applying the logic in *Borowy* to this case, therefore, even assuming without deciding that appellant had the subjective intention to prevent others from accessing his files, appellant still did *not* have an objectively reasonable expectation of privacy in those files, given his decision to install the Shareaza file-sharing program on his computer. Indeed, appellant installed software on his computer that is specifically designed to share files from one's own computer with other users of that software. By installing the Shareaza peer-to-peer file sharing software on his computer, appellant assumed the risk that other users of Shareaza – including the police – could readily access those incriminating files that could be shared through Shareaza.

(ECF No. 7-2, at 5-9.) The Court of Appeals of Virginia affirmed Rideout's convictions. (*Id.* at 11.) The Supreme Court of Virginia refused Rideout's subsequent petition for appeal. (ECF No. 7-3, at 1.)

Rideout filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising claims similar to those he raises in the instant § 2254 Petition. (*See id.* at 2-3.) The Supreme Court of Virginia found that that Claim Two here was barred on state procedural grounds and that Claims One and Three here lacked merit. (*Id.*)

### B. Analysis

#### 1. The Applicable Constraints upon Federal Habeas Corpus Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

7

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### 2. Purported Error of Supreme Court of Virginia

In Claim Two, Rideout contends that "[t]he Supreme Court of Virginia denied Petitioner his statutory right to appeal." (§ 2254 Pet. 9.) Rideout contends that when the Supreme Court of Virginia "'refused'" his petition for appeal he was denied his "right to access to the courts through the use of state statutory procedures to present his petition for appeal to the appellate courts." (*Id.*) Rideout demands "to have his petition for appeal adjudicated on the merits . . . ." (*Id.*) Rideout identifies no constitutional violation, and instead challenges the Supreme Court of Virginia's determination of state law. The Supreme Court of Virginia's alleged "error" provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"). In addition, Rideout's claim lacks merit. The Supreme Court stated that it "review[ed] . . . the record in this case and consider[ed] . . . the argument submitted in support of the granting of an appeal, [and] . . . refuse[d] the petition for appeal." (ECF No. 7-3, at 1.) The Supreme Court of Virginia reviewed his claims on the merits when it refused the petition for appeal. *See Sheets v. Castle*, 559 S.E.2d 616, 619 (Va. 2002) (citations omitted) (holding that "the refusal of a petition for appeal constitutes a decision on the merits"). Accordingly, it is RECOMMENDED that Claim Two be DISMISSED.

### 3. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

8

outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by Rideout that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

In Claim One, Rideout argues that he "was denied effective assistance of counsel during the suppression hearing and on direct appeal, when counsel failed to properly raise a procedural due process challenge to obtainment of evidence." (§ 2254 Pet. 6.) Rideout "contends that Sgt. Anders['] procedural actions to obtain the first three files, without having to fill out an affidavit and obtain a search warrant" (*id.* at 8), failed to comply with the requirements of section 19.2-54 of the Virginia Code,[7] thereby amounting to "a violation of procedural due process." (*Id.* at 8–9.)

> In rejecting this claim, the Supreme Court of Virginia explained:
> [P]etitioner contends he was denied the effective assistance of counsel because counsel failed to move to suppress evidence of child pornography found on petitioner's computer on the grounds that a warrantless search of petitioner's computer violated

---

[7] That statute states in relevant part:

No search warrant shall be issued until there is filed with the officer authorized to issue the same an affidavit of some person reasonably describing the place, thing, or person to be searched, the things or persons to be searched for thereunder, alleging briefly material facts, constituting the probable cause for the issuance of such warrant and alleging substantially the offense in relation to which such search is to be made and that the object, thing, or person searched for constitutes evidence of the commission of such offense.

Va. Code Ann. § 19.2-54 (West 2016).

> petitioner's rights under the Due Process Clause of the Fourteenth Amendment. Petitioner concedes counsel unsuccessfully moved to suppress the evidence on Fourth Amendment grounds, but argues the evidence was subject to suppression under the Due Process Clause because, even though the trial court determined petitioner had no reasonable expectation of privacy in files he had made accessible to the public through peer-to-peer software, petitioner still had a protected liberty interest in remaining free from a warrantless search. Petitioner appears to assert that because officers had reason to believe his computer contained child pornography Code § 19.2–54 required them to obtain a warrant.
>
> The Court holds that [this] claim . . . satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Nothing in Code § 19.2–54 speaks to when police officers are required to obtain a search warrant. Consequently, counsel could reasonably have determined it would be more beneficial to petitioner to argue the evidence was inadmissible under the Fourth Amendment than to make the argument petitioner suggests. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

(ECF No. 7-3, at 2–3.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Given that the resolution of Rideout's claim of ineffective assistance of counsel is highly dependent on Virginia law, Rideout fails to demonstrate any prejudice. *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law."). Moreover, counsel reasonably eschewed advancing the due process challenge Rideout advances here, instead prudently raising the stronger Fourth Amendment challenge to the warrantless search.[8] Because Rideout demonstrates

---

[8] To the extent Rideout contends that he had a due process right to be free from the warrantless search of his computer, the Due Process Clause applies only when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). Where government action affects a protected liberty interest, the second step is to determine "what process is due" under the circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Here, both the Circuit Court and the Court of Appeals of Virginia determined that Rideout "had

neither deficiency nor prejudice, it is RECOMMENDED that Claim One be DISMISSED.

In Claim Three, Rideout contends that he "was denied effective assistance of counsel when counsel failed to challenge the chain of custody of the obtainment of the computer." (§ 2254 Pet. 10.) In summarizing and rejecting this claim, the Supreme Court of Virginia found:

> [P]etitioner contends counsel was ineffective for failing to challenge the chain of custody of the computer seized from his residence. Petitioner contends the chain of custody was broken because law enforcement activated his computer at his residence and did not place the computer in an evidence bag when transferring it to the police station.
>
> The Court holds that [this] claim . . . satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. To establish the chain of custody, the Commonwealth need only "show with reasonable certainty that there has been no alteration or substitution" of evidence. *Branham v. Commonwealth*, 283 Va. 273, 282, 720 S.E.2d 74, 79 (2012). Petitioner fails to articulate any break in the chain of custody during which the computer could have been tampered with or altered and counsel is not ineffective for failing to make a futile objection. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. *Hill*, 474 U.S. at 59.

(ECF No. 7–3, at 3.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Given that the resolution of Rideout's claim of ineffective assistance of counsel is once again highly dependent on Virginia law, Rideout fails to demonstrate any prejudice. *Richardson*, 668 F.3d at 141. Because Rideout fails to demonstrate deficiency of counsel or resulting prejudice from counsel's actions, it is RECOMMENDED that Claim Three be DISMISSED,

(Report and Recommendation 1–12 (sixth alteration added and omissions in original).)

---

no reasonable expectation of privacy when he installed a software program on his computer which has the primary purpose to share information among other computer users." (ECF No. 7–2, at 4; *see also id.* at 8–9.) Rideout fails to identify what liberty interest officers deprived him of when they conducted a warrantless search of his computer. Rideout also fails to identify any process that officers deprived him of when they conducted a warrantless search. Thus, Rideout fails to demonstrate any deficiency of counsel or resulting prejudice for counsel's failure to raise this vague and unsupported claim.

## II.  STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III.  RIDEOUT'S AMENDED § 2254 PETITION

Instead of filing objections, Rideout filed an Amended § 2254 Petition. In his Amended § 2254 Petition, Rideout adds no new claims. Instead, Rideout appears to drop Claim Two from his § 2254 Petition, and claims to "provide more factual clarification and amplification of his original federal petition" because he has now "discovered significant prejudice by his trial counsel" for Claims One and Three. (Mot. Amend. 1.)[9] Rideout contends that his "amended petition affirms that the conduct of Sgt. Anders was not properly investigated by Mr. DuVal. This was deficient performance. This performance prejudice[d] Rideout." (*Id.*) For the sake of clarity, the Court maintains the numbering from the original § 2254 Petition and refers to Ground Two from the Amended § 2254 Petition (Am. § 2254 Pet. 12), as Claim Three. Despite any

---

[9] In addition to the corrections to capitalization, the Court corrects the spelling and spacing in quotations from Rideout's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Rideout's submissions.

12

attempt by Rideout to "provide more factual clarification," little discussion is needed here because his claims lack merit for the same reasons identified by the Magistrate Judge.

In amended Claim One, Rideout argues that he "was denied effective assistance of counsel during the suppression hearing, when counsel failed to properly raise a procedural due process challenge to obtainment of evidence, and stipulate[ed] the computer was the front door." (Am. § 2254 Pet. 6.) Rideout states that his "claim is that . . . trial counsel did not conduct a reasonable pre-trial investigation into the actions of the police in obtaining a warrant." (*Id.*) Rideout again argues that counsel failed to investigate "what information was contained in Rideout's Router (D-Link wireless router), which contained its own security protocol and firewall." (*Id.*) Rideout contends that he "had a right to a private enclave where he could live a private life" (*id.*), and "the firewall of [hi]s router afforded seclusion and privacy." (*Id.* at 7.) Rideout's new supporting argument does not substantially change his claim. He posits arcane and technical ways his attorney should have tried to suppress evidence that do not affect consideration of his claim. Accordingly, the Magistrate Judge's conclusion that Rideout fails to demonstrate that counsel rendered ineffective assistance remains in full force.

As the Supreme Court of Virginia and the Magistrate Judge explained, Rideout's counsel raised a Fourth Amendment challenge to the warrantless search of Rideout's computer. The Circuit Court and Court of Appeals of Virginia determined that Rideout "had no reasonable expectation of privacy when he installed a software program on his computer which has the primary purpose to share information among computer users." (ECF No. 7–2, at 4; *see also id.* at 8–9.) While Rideout argues that "[c]ounsel could have argued that Rideout had an expectation in privacy behind a secured router protected by a firewall" or that counsel "should have asked Sgt. Anders why he only retrieved one file on three separate occasions, when all files . . . were available" (*id.* at 8), Rideout fails to demonstrate any deficiency of counsel or resulting

13

prejudice. Despite counsel's efforts to suppress the files obtained by police prior to obtaining and executing the search warrant, and in light of the fact that Rideout installed a file sharing device, the Virginia trial court and Court of Appeals of Virginia were unconvinced by Rideout's argument that he had no intention to share the files with anyone based on certain protections he claims he installed. (*See supra* 4–7.) Thus, Rideout fails to demonstrate that any further arguments about his subjective expectation of privacy would have prevailed. To the extent that Rideout faults counsel for failing to raise a due process challenge, the Magistrate Judge appropriately concluded, "counsel reasonably eschewed advancing the due process challenge Rideout advances here, instead prudently raising the stronger Fourth Amendment challenge to the warrantless search." (*Supra* at 10 & n.8.) The Court agrees with the Magistrate Judge and finds that Rideout fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claim One will be DISMISSED.

In amended Claim Two, Rideout again argues that he "was denied effective assistance of counsel when counsel failed to challenge the chain of custody of the obtainment of the computer and its contents." (Am. § 2254 Pet. 13.) Rideout claims that the chain of custody was broken because "Sgt. Anders entered Rideout's residence with his own personal computer and connected to Rideout's computer outside of a forensic laboratory." (*Id.*) This is the same claim Rideout raised in his original § 2254 Petition. Rideout offers nothing new in his rambling explanation of this claim that would alter the Magistrate Judge's conclusion that, because "the resolution of Rideout's claim of ineffective assistance of counsel is once again highly dependent on Virginia law, Rideout fails to demonstrate any prejudice." (*Supra* at 11 (citing *Richardon v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012).) The Court agrees with the Magistrate Judge and finds that Rideout fails to demonstrate any deficiency of counsel or resulting prejudice from counsel's actions. Accordingly, Claim Two will be DISMISSED.

14

## IV. CONCLUSION

Rideout's Motion for Leave (ECF No. 14) filed prior to the entry of the Report and Recommendation will be DENIED. Rideout's Motion for Leave (ECF No. 21) and Motion to Amend (ECF No. 22) will be GRANTED. Rideout's § 2254 Petition (ECF No. 1) and Amended § 2254 Petition (ECF No. 22-1) will be DENIED. The Report and Recommendation (ECF No. 18) will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 5) will be GRANTED. Rideout's claims and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Rideout fails to meet this standard. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M.H.L.
M. Hannah Lauck
United States District Judge

Date: FEB 2 8 2017
Richmond, Virginia